IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARK BUFORD,**　　　　　　　　　　　　CASE NO. 3:24 CV 91

　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**AMERICAN RED CROSS,**

　　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
　　　　Defendant.　　　　　　　　　　　　**ORDER**

### INTRODUCTION

Currently pending before the Court in this removed Ohio state law employment discrimination case is Defendant American Red Cross's Motion to Dismiss Plaintiff Mark Buford's Complaint. (Doc. 3). Plaintiff filed an opposition (Doc. 4), and Defendant replied (Doc. 5).[1] Jurisdiction is proper pursuant to 36 U.S.C. § 300105(a)(5).[2] For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

---

1. After Defendant's reply, Plaintiff filed a document entitled "Reply to Response on Objection to Motion to Dismiss" with various attachments (Docs. 6-1 to 6-3). The Court's rules allow for a motion, opposition, and reply. *See* Local Rule 7.1. No additional briefing is authorized under this Court's Local Rules. "[C]ourts agree that neither local rules . . . nor the Federal Rules of Civil Procedure authorize a non-moving party to file a sur-reply, and that to file a sur-reply the party must obtain leave of the court." *Eberhard v. Chicago Title Ins. Co.*, 2014 WL 12756822 at *2 (N.D. Ohio) (collecting cases). Because Plaintiff did not seek leave of Court, his additional filing is not properly before the Court. Additionally, Plaintiff seeks to make arguments based on evidence outside the pleadings, which is not a proper response to a motion to dismiss. *See Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001) (when considering a 12(b)(6) motion to dismiss, the Court looks at the pleadings only); *see also* Fed. R. Civ. P. 12(d). For these reasons, the Court will not consider Plaintiff's improperly filed sur-reply.

2. This provision "confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *Am. Nat'l Red Cross v. S. G.*, 505 U.S. 247, 248 (1992).

**BACKGROUND**

In his Complaint, originally filed in state court, Plaintiff alleges he was terminated from his employment with Defendant in November 2022. (Doc. 1-2, at ¶ 4). He asserts Defendant "reduced his job opportunities by not including him in training opportunities and [not] allowing him to work remotely while allowing others to do so." *Id.* at ¶ 8. He further contends Defendant reduced his blood drive assignments, "which effectively reduced his ability to carry out his job duties." *Id.* at ¶ 9. He states he was "harassed on several occasions", which "made his work environment hostile." *Id.* at ¶ 10. He contends he was "denied employee benefits, promotion and other benefits of employment" that were afforded to others due to his age and sex. *Id.* at ¶ 5. He further contends Defendant "attempted to completely change [his] position and eliminate [his] primary responsibility of being a liaison to the labor unions which have sponsored blood drives in the area" and "there was a constant environment of being treated differently, resulting in anxiety and stress on the job." *Id.* at ¶ 11.

Plaintiff states he filed a complaint with the Ohio Civil Rights Commission in November 2022, and received a right to sue letter from the OCRC in September 2023. *Id.* at ¶¶ 6-7. Defendant attaches Plaintiff's original OCRC charge to its motion to dismiss and his amended charge, filed in March 2023. *See* Doc. 3-1.

Plaintiff brings a claim under Ohio Revised Code § 4112 for age and sex discrimination. *See* Doc. 1-2. He seeks reinstatement and damages. *Id.* at 4.

**STANDARD OF REVIEW**

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests a claim's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause

2

of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### DISCUSSION

Defendant moves to dismiss Plaintiff's complaint, arguing first that it provides "bare-bones, unadorned and unenhanced allegations comprised of mere suspicions and nothing more." (Doc. 3, at 2). Defendant further contends that even if any claim is cognizable, some of his claims "must be dismissed for being outside the scope" of the OCRC charge. *Id.* at 3. Finally, Defendant contends Plaintiff does not plausibly plead a hostile work environment claim. Plaintiff's response contains facts not alleged specifically in the Complaint, but asserts he was "targeted for termination based on [his] age and penalized because of [his] sex." (Doc. 4). For the following reasons, the Court grants Defendant's motion as to Plaintiff's hostile work environment/harassment claim and otherwise denies the motion.

Preliminarily, the Court notes that although the OCRC charge was not attached to the Complaint, in its discretion, a court "may consider" exhibits attached to a motion to dismiss, but only if the documents are "referred to in the [pleading] and are central to its claims." *See Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). As the OCRC charge is referenced in Plaintiff's Complaint, and central to his claims, the Court will consider the OCRC charge.

3

Discrimination

Upon review of the pleadings, the Court finds Plaintiff has – perhaps just barely – plausibly alleged a claim of discrimination. This is particularly so when the Complaint is read in conjunction with Plaintiff's OCRC charge, a document Defendant asks the Court to consider.

Ohio Revised Code § 4112 prohibits an employer from discriminating against an individual based on, *inter alia*, sex or age. Ohio Rev. Code § 4112.02(A). Such claims are analyzed under the same standards as federal claims brought under Title VII or the Age Discrimination in Employment Act ("ADEA"). *See Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012) (ADEA); *Laderach v. U-Haul of Nw. Ohio*, 207 F.3d 825, 828 (6th Cir. 2000) (Title VII age discrimination). In this context, to survive a motion to dismiss, a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer engaged in unlawful discrimination. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678-79).

The Complaint alleges Plaintiff was denied benefits due to his age and sex, such as "not including him in training opportunities and [not] allowing him to work remotely", while others were allowed to do so. *Id.* at ¶ 8. He further contends his job assignments were reduced and his primary job responsibility was eliminated. *Id.* at ¶¶ 9, 11. His original OCRC charge asserts that he was held to a different standard than others in "a mostly younger female workforce." (Doc. 3-1, at 2). His amended charge states he was "subjected to different terms and conditions of employment regarding training, bonuses, incentives and company cell phone" and cites his November 2022 termination. *Id.* at 4. He further asserts that he was "treated differently" and "[t]wo similar[ly] situated females involved in the incident for which [he] was terminated, were

4

not disciplined and/or terminated." *Id.* He further cites having blood drives canceled whereas "[s]imilarly situated females did not have their blood drives reduced." *Id.* The Court finds this is sufficient, at this stage of the proceedings, to plausibly state a claim for age and sex discrimination.

Defendant next contends that even if Plaintiff has adequately alleged claims, "some of them must be dismissed for being outside the scope" of his OCRC charge. (Doc. 3, at 3). The Court finds, however, that these questions are better resolved at the summary judgment stage. Indeed, one of the cases Defendant cites, *Davis v. Sodexho*, 157 F.3d 460 (6th Cir. 1998), was resolved at the summary judgment stage, not the pleadings stage. Defendant may raise a challenge regarding administrative exhaustion at a later stage of this case.

Hostile Work Environment

Finally, Defendant argues it is entitled to dismissal of Plaintiff's hostile work environment/harassment claim because he "does not plead a specific act of harassment or name an alleged harasser", and he "fails to date any such allegations", as well as "pleads nothing to suggest alleged harassment was based on his protected statuses or that it was severe or pervasive." (Doc. 3, at 5).

To establish a hostile work environment claim under Ohio law, the plaintiff must show (1) he was subject to unwelcome harassment, (2) the harassment was based on his protected status, (3) the harassing conduct was sufficiently severe or pervasive to affect the "terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the

harassment and failed to take immediate and appropriate corrective action. *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St. 3d 169, 176–77 (Ohio 2000).

On this point, the Court agrees with Defendant. Plaintiff's Complaint simply alleges he "was harassed on several occasions while in the employment of Defendant that made his work environment hostile." (Doc. 1-2, at ¶ 10). And a review of Plaintiff's OCRC charges is no more illuminating as to the factual basis for such a claim, nor does Plaintiff identify anything specific in his opposition brief. *See* Doc. 4. The Court therefore grants Defendant's motion to dismiss as it pertains to Plaintiff's hostile work environment/harassment claim. *See Rosecrans v. Vill. of Wellington*, 2016 WL 165450, at *6 (N.D. Ohio) (dismissing hostile work environment claim for failure to satisfy *Iqbal/Twombly* pleading standard where the complaint was "utterly devoid of factual allegations supporting a plausible hostile work environment claim" and "merely allege[d] the elements of a Hostile Work Environment claim without factual allegations").

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 3) be, and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's age and sex discrimination claims may proceed, but his hostile work environment claim may not.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2024