IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Mark Buford,** | CASE NO.: 3:24-CV-00091-JRK |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **American Red Cross,** | ANSWER |
| Defendant. | |

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT AMERICAN RED CROSS

Defendant American Red Cross ("Defendant") answers the Complaint ("the Complaint") filed by Plaintiff Mark Buford ("Plaintiff") in the above-captioned matter as follows:

1. Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the Complaint regarding Plaintiff's address and therefore denies the allegations. Defendant admits Plaintiff filed a charge.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits it is a congressionally chartered corporation with a location in Toledo and that Plaintiff was hired in February 1998.

4. Admitted.

5. Denied.

6. Admitted.

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations of paragraph 7.

8. Denied.

9. Denied.

10. Denied.

11. Denied

Defendant denies that Plaintiff is entitled to any of the damages or relief set forth in his WHEREFORE clause.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following additional defenses to the claims asserted in the Complaint.

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

The Complaint, and each cause of action therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages, if any, he claims to have suffered because of the allegations in the Complaint. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits, or other income.

## **THIRD DEFENSE**

Defendant acted in good faith at all times relevant to the Complaint.

## **FOURTH DEFENSE**

Plaintiff's claims may be foreclosed or his damages may be limited or foreclosed by the after-acquired evidence doctrine.

**FIFTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred to the extent they are foreclosed by the applicable statute of limitations, and/or the doctrines of laches, justification, waiver, and estoppel.

**SIXTH DEFENSE**

To the extent requested, Plaintiff is not entitled to recover any punitive damages as prayed for in the Complaint on the grounds that any award of punitive damages would violate the constitutional rights of Defendant, including, but not limited to, Defendant's rights under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**SEVENTH DEFENSE**

To the extent requested, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996*), Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**EIGHTH DEFENSE**

Defendant is not subject to punitive damages or jury trial under the doctrine of sovereign immunity.

**NINTH DEFENSE**

To the extent Plaintiff is entitled to damages, such damages are limited by statute.

**TENTH DEFENSE**

Plaintiff's claims are partially foreclosed by his failure to exhaust administrative remedies/pleading outside the scope of his administrative complaint.

Defendant reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff and that it be awarded attorneys' fees, costs and expenses incurred in defense of this action.

                                          Respectfully submitted,

                                          <u>Jeffrey W. Larroca</u>
                                          Jeffrey W. Larroca
                                          Admitted in MD (Bar No. 9406230191)
                                          Admitted in Washington, D.C. (01/06/1997)
                                          Pro hac vice application forthcoming
                                          ECKERT SEAMANS CHERIN & MELLOTT
                                          1717 Pennsylvania Avenue NW
                                          Washington, D.C. 20006
                                          P: 202.659.6646/F: 202.659.6699
                                          JLarroca@eckertseamans.com

                                          Peter G. Pattakos
                                          Peter G. Pattakos (Ohio Bar No. 0082884)
                                          THE PATTAKOS LAW FIRM, LLC
                                          101 Ghent Road, Fairlawn, Ohio 44333
                                          P: 330.836.8533/F: 330.836.8536
                                          peter@pattakoslaw.com

## CERTIFICATE OF SERVICE

I certify the above Answer was sent to all parties by operation of the Court's electronic filing system, including:

Frank Landry
WASSERMAN, BRYAN, LANDRY & HONOLD, LLP
1090 West South Boundary, Suite 500
Perrysburg, Ohio 43551
FLandry308@aol.com

                                              Respectfully Submitted,

                                              /s/Peter G. Pattakos
                                              Peter G. Pattakos